UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMAN HOLTON,

    Plaintiff,

v.  Case No.   8:21-cv-1995-CEH-AEP

STATE OF FLORIDA, et al.,

    Defendants.
_____/

**ORDER**

Plaintiff is a pretrial detainee confined at the Polk County Jail ("PCJ"), Frostproof, Florida. He initiated this action by filing, *pro se*, a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). In an incoherent manner, the complaint appears to allege several issues challenging the conditions of Plaintiff's confinement including insufficient medical care, excessive force, battery, entrapment, discrimination based on handicap, deprivation of contact with other inmates, and "unreasonable suspicion." As relief, he requests "emancipation" and "all losses due to negligence of this District."

**DISCUSSION**

Rule 18(a), Fed.R.Civ.P., provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative

claims, as many claims as it has against an opposing party." However, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act ["PLRA"] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's complaint does not raise multiple claims against a single party. Rather, it appears to raise several unrelated claims which are factually and legally distinct from one another. Moreover, it is unclear which claims apply to which Defendants.

The complaint includes misjoined parties and claims and offers Plaintiff a way around both the fee payment and the three-strikes bar.[1]  Plaintiff may not circumvent the PLRA's objective of deterring frivolous prisoner complaints by presenting these multiple unrelated claims against multiple defendants in one action.

---

[1] The PLRA contains a three-strikes rule which prohibits a prisoner from bringing a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action...that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." 28 U.S.C. § 1915(g).

Finally, by requesting "emancipation," it appears Plaintiff seeks release from detainment. Release from detainment cannot be gained in a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Accordingly:

1. Plaintiff's complaint (Doc. 1) is **DISMISSED**. The dismissal is without prejudice to Plaintiff filing a new complaint, in a new case with a new case number, that does not improperly join parties and unrelated claims in a single cause of action.

2. The Clerk of Court is directed to mail a court-approved form for filing a civil rights complaint and an Affidavit of Indigency form with Plaintiff's copy of this Order.

3. The Clerk is further directed to close this case.

**ORDERED** in Tampa, Florida, on August 30, 2021.

Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, *pro se*